Morning ladies and gentlemen We have six cases on our calendar this morning Employee case and veterans case both of which Submitted on the briefs will not be argued and we have four patent cases One from the PTO and three from the district court The first case is the PTO case Rolf Dietrich v. Shimano and Kappos 2010-1530 Mr. Perdue May it please the court I am David Perdue I represent Rolf Dietrich the inventor and the appellant in this case Where the subject matter involves bicycle wheels and More specifically it involves the tension in the spokes of the bicycle wheels And it involves a question the issue of Mr. Dietrich's claim to the priority of his 544 patent for the claims in the 113 patent so your Claim that you have in your patent is to a tension of 200 pounds and You want the priority from prior? patent that says 150 It does say one might say this tension between those numbers One certainly could say that and The other thing another thing that is said in the 544 patent is that it's a tension spoke bicycle wheel Which is a clear disclosure that the spokes would have a tension greater than zero So it's your position that That that disclosure supports a claim specifying any particular attention In other words because Suggestion that there has to be some tension that Supports a claim to a specific tension to a specific minimum tension And it is greater than Any minimum tension greater than zero any minimum tension that is 150 pounds Which is disclosed as a typical tension Would certainly be encompassed and supported by the 544 patent. What about a hundred pounds? Certainly would as a minimum tension it's greater than zero and That is specifically disclosed But the claim claim doesn't say greater than zero claim says 200 very specific combined tension in two spokes greater than 200 indeed and during the patent reexamination Proceeding we learn more about typical spoke tensions in tension spoke bicycle wheels from the Japanese industrial standard and that is Found in the appendix pages 92 through 97 There's a specification to mention the Japanese standard. No, not at all. The Japanese standard applies to the specific kind of wheels that we're talking about round rim Central hub connected by spokes and it indicates that the tension must be higher than 67.4 pounds per spoke and Because we're talking about the combined tension in two spokes being greater than 200. We see that We're talking about something that is not only greater than zero so far as tension is concerned But it must be greater than 67.4 pounds. How does that get you to 200? It gets to 200 because Greater than 200 would encompass the 150 pounds per spoke typical tension and So as you move up, I think it's well illustrated graphically in the reply brief On page 16 We have four graphs four bar graphs and and there we we show the minimum Being greater than zero in the first bar graph second bar graph we're looking at The combination of tension of 67.4 pounds and In the third bar graph we're looking at the combined tension in two spokes where each spoke is 89.9 pounds or greater and then at the In the bottom of the fourth bar charts is the the claim Tension greater than 200 pounds for a pair of spokes The In reference to claim six in the patent We're Reciting a tension greater than 150 pounds for a single spoke and I Think that there are some important similarities in the present case and the worth I'm case Where in worth I'm we were talking about a limitation of 25 to 60 percent solids and there was a disclosure of 36 percent solids in that case the patentee was Entitled the inventor was entitled to claim From the disclosed 36 well 35 percent up to 60 percent. I submit that the inventor probably would have been successful had he sought to claim the range of 25 to 35 percent and Here we have the 150 pound per spoke limitation I'm sorry, the typical spoke tension of 150 pounds specifically disclosed And as you can see in the bar graph on page 17 of the reply brief That's graphically illustrated in the fourth bar graph So from 150 pounds, mr. Dietrich was entitled to go either way Within the bounds of conventional knowledge about spoke tension A great deal has been made in this case about the fact that 150 pound spoke tension is disclosed relative to a conventional wheel That does not have paired spoking while the claims of the patent are limited to a bicycle wheel Having paired spokes. I have brought two examples of paired spoke wheels and I would submit that the record Does not support any distinction Between the tension of spokes in conventional wheels and the tension of spokes in wheels that have paired spokes. I See that I Unless there are questions, we'll save it for you. All right, so rebuttal. Thank you, Your Honor Mr. Tarnoff or Shimano Morning May it please the court. My name is David Tarnoff and I represent Shimano third-party requester Basically, we feel that this is a case of written description 150 pounds is mentioned only in the background referring to some prior art wheel as Mr. Dietrich has as Mr. Purdue has said, Mr. Dietrich has invented a Paired spoke wheel with a special crossover pattern and Also, he's noted in his reply brief that 0.0 inch What 0.03 inch was a significant difference and they got a patent on that Small differences in this art make a lot of difference and we get patents on those small differences You're saying 150 is only in the in the background. That's correct are you referring to the 544 patent? I'm talking about the 544 patent and 113 patent basically the 113 patent. Why aren't you Focusing on the 200 limitation of the claim Well, I think I think I am too. The thing is the 150 Is what is disclosed? There's no disclosure for 200. Also, there's no disclosure for 150 being the minimum again That was typical 150 a little bit more a little bit less not a specific minimum This is a specific claim limitation to allow. Mr. Dietrich to remove that limitation and say it's meaningless is just unfair to the public and we don't believe that a single mention of 150 typical spoke tension for a Unpaired spoke wheel that doesn't have the special crossover pattern is Supported by the 544 patent moreover, he filed this case as a CIP the 200 pound spoke tension minimum limit was mentioned in the abstract the summary of the invention and Claim one the only independent claim at the time of filing and at the time of issuance clearly the In the four corners of the patent there was no 200 pounds in the 544 if if he had support for it He wouldn't have needed to add those limitations. He wouldn't have called it a CIP You know if it looks if it looks like a CIP he adds all those things. It must be a CIP. I Just don't see how he can now say oh After we've gone through this re-exam, we've now learned from the Japanese industrial standard that there's this new spoke minimum that he suddenly has a Minimum and all he has to do is be better than that Under his theory he could add a range Well, it has to be more than 300 and less than 400 He can arbitrate if we let him do this he can arbitrarily pick any range he wants because he's alleging He has a range from zero to the breaking point of the spoke well The claim calls for a wheel that improves shimmying and wobbling relative to prior art well Let me tell you a spoke tension of less than what's allowed in the Japanese industrial standard It's not going to do that Certainly he did not possess within that claim that his range Extended all the way down to zero. I Just don't see how We can allow him to claim priority for that single mention of a hundred and fifty Even in the claim six which was added during re-examination Which he says is a minimum spoke tension again that 150 is just typical His view is that it it encompasses includes greater than 200 Right, yes, other words at least 150 includes possibility. Yes greater than two. Yes Absolutely, and I that's not supported by a single mention of a typical spoke tension not a minimum Just 150 and that's a typical doesn't he doesn't say it couldn't be more or less He just says that's typical. He's talking about the prior art He's not talking about his invention in the 544 patent when we get to the 113 patent that's when he starts talking about this minimum tension of 200 and The public the examiner we all should be able to rely upon Specific numerical limitations that are in a claim You know patents give us notice of what the invention is It would be unfair to let him go back and rewrite history by saying 150 supports any minimum Spoke tension because it's a spoke tension wheel Well, the claims are not to just a spoke tension wheel is to a paired spoke wheel with a crossover pattern with improved wobbling and shimmy and Improved wobbling and shimmy certainly cannot be accomplished at a spoke tension. That's not even allowed in the Japanese industrial standard which was not of record or in prosecution. It only came of record during the re-examination If There's no other questions, I'd like to yield the rest of my time that's fine the solicitor mr. Johnson for the patent office May it please the court There's no evidence in the 544 patent that supports the in excess of 200 Range that he has asserted in his 113 He tries to rely upon the typical language that's found in the 544 in order to support the in excess of 200 however that typical language as mentioned earlier was Only brought out in the background section and it relates to a single spoke Dietrich did not provide any evidence showing that a typical Tension actually was supported by the claimed invention the examiner pointed out. We concluded that the 150 Did have relevance here. Is that sufficient to support a 200 limit? The mere fact that it was relevant Let's let's let's say that a tension of 150 in excess of 150 were supported by the earlier Disclosure. Does that mean that that supports a tension in excess of 200 I wouldn't think so your honor because again the 150 is merely based upon an Single spoke. There's no about that. Suppose it's suppose it's suppose the original specification had disclosed Exactly the same kind of wheel and it said 150 Okay in excess of 150. It's it disclosed that What would that then support 200? So if I'm understanding you correctly the disclosure Described 150 in excess of 150 and the claim called for in excess of 200, right? I As you know, that's not the facts that we are presenting a closer case Only in the sense that the 150 the in excess of 150 is somehow tied into the 200 I'm not conceding that it would be it is just based upon a different set of facts That might place them in a better position to argue. However, we don't have those particular set of facts here It is judge Dykes hypothetical closer to the in Ray Wertheim case In in that particular case your honor there was a specific Set of ranges where there was a low and a specific low end and a specific high high end We don't have that here. We have a low end That is being claimed, but we don't have a specific high end. So that case is completely distinguishable. We don't have a overlap as the Court found in Wertheim. Well, mr. Purdue is arguing that the high end is when when the tension is so great that the spoke breaks But there's no evidence sure your honor. That's what he's arguing However, there's no evidence as to what that high end is and that was part of the problem that the examiner pointed out he's arguing that the The That the disclosure calls for zero to some breaking point, but his claim says from 200 in excess of 200 We don't know what that breaking point is So the 200 could actually be outside of that breaking point range as the board found So without the evidence that was requested There's no way to say that the 544 pattern actually supports the claimed range and he had a number of opportunities to provide evidence the examiner Requested it the board pointed it out to him and the board was even perplexed by the fact that he was saying that the minimum tension was 269 and yet he wrote a claim that was outside of that 269 range And what we have found here your honor is that at different times The argument with respect to the minimum tension has changed before the board the argument was that the minimum tension is 269 in his blue brief to this court He said that the minimum tension was 64 and now and then in his reply brief He said that the minimum tension was something in excess of zero all of those different changes shows that it's his position with respect to the minimum tension is nothing more than guesswork as opposed to actual evidence would the Minimum tension of 269 meet the 200 greater than 200 limitation No, it would not your honor because the 269 is above the minimum 200 and as it turns out he's actually I Believe conceded that argument and he's moved on to the in excess of zero as being the the minimum tension And it's also worth noting that he did file a CIP in this case as opposed to a continuation or some other form of Application and when you look at the 544 and the 113 patent you see that for the most part they are identical except with respect to the claimed ranges that are here and some discussion about the crossing of the spokes Center point you're saying he conceded That would be our that would be our argument your honor by him filing the CIP. He's actually conceded that That dude the effective filing date for the 113 was the date in which the CIP was actually filed But I think you would agree that Even if the application were designated as a CIP if indeed there was support that there would be a basis to argue that Yeah, and he's entitled to the priority. That's completely correct your honor. However here. There's no evidence in the 544 to support the language in the claimed intervention here There are no further questions Thank You mr. Johnson or do has some rebuttal time I Regret that I have introduced into the record below some arguments that in reflection Were Not as good as they should have been well you thought that they were the best possible at the time yes, I did your honor looking back We we do have a minimum of greater than zero Absolutely clearly disclosed in the 544 patent during the reexamination proceeding. We got another look at another Perspective on minimum spoke tension from the Japanese industrial standard That standard is not Limited on its face in any way to wheels with paired spokes or wheels with unpaired spokes paired spokes versus conventional Those minimum tensions are require attention in excess of the 67 pounds or the 89 pounds We do have a clear disclosure in the 544 patent at 150 pounds as a typical spoke tension In a conventional wheel and we have an absolutely clear disclosure in the 544 patent  Mr. Dietrich's wheels have conventional spokes The unconventional part of his spokes is the way they're arranged but The specification clearly says the spokes are conventional except for the pattern in which they're laced So I submit that there is no basis to distinguish between the disclosures in the record about spoke tension for conventional wheels Versus the tension and wheels with spokes that are not conventionally laced I Think it may have been a mistake to introduce the range of tensions because the claim recites that the tension must be in excess We're not here to critique Your past arguments. No, sir. The question is whether the current claim is supported by these vague References in the 544 patent. Exactly And We've addressed the issue on page 26 of our reply brief about the Fact that one one three was filed as a continuation in part Wasn't that a concession of difference It was a concession that It was something new exactly words were new new words were added new words and new amounts Specific tension minimum tensions. Yes, sir That suggests that the new tensions weren't in the old one or else wouldn't needn't have been a CIP it does suggest that your honor and yet when you look back at the teachings in the art You see that the minimum tension had to be greater than zero had to be greater than 67 pounds and I would just if I may pick up a wheel and bring it back to the podium and Think what counts is what's in this back? It absolutely does but it has to be what you can show us it has to be analyzed in light of the prior art So we're talking about tension if you tension it to a higher tension. There's there's more tension I think that there's an interesting Thing going on in 113 patent that put an upper limit on the number of pairs of spokes nine pairs of spokes or less The five four four patent and the one one three patent disclosed a wheel with nine pairs of spokes and they disclose a wheel with 18 pairs of spokes there is no specific disclosure of a wheel with less than nine pairs of spokes and yet At the mr. Dietrich was permitted it was permissible for mr Dietrich to put nine pairs of spokes into claim one as an upper limit on the number of pairs of spokes if you Take away spokes you you have fewer spokes if you Tighten the spokes you you have more tension the focus of the invention here is specifically the lacing pattern Without regard to tension to have a specific minimum tension into the claim doesn't change the fact that the wheel has to have tension spokes Mr. Purdue the other reason why we don't want you to argue Bring up this wheel now is that this is now a rebuttal argument and your opponent wouldn't have a chance to respond to that So that that's certainly anything further to say I do not have anything further. Thank you very much Case under advisement